UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:17-cr-449-CEH-SPF

JUAN JOSE LICOA NUNEZ
_____/

**ORDER**

This matter comes before the Court on Defendant's *pro se* Motion for Reduction of Sentence Pursuant to the First Step Act of 2018 (Doc. 95). In the motion, Defendant requests a reduction in his sentence due to changes in the sentencing guidelines. The Government filed a response in opposition. Doc. 103. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Reduction of Sentence Pursuant to the First Step Act of 2018.

On March 1, 2018, pursuant to a guilty plea, Defendant was sentenced to 151 months' incarceration and five years of supervised release for conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. Doc. 79. By the instant motion, Defendant seeks a reduction in his sentence to five years pursuant to the First Step Act of 2018 (Doc. 95), which made retroactive part of the Fair Sentencing Act of 2010. The Federal Defender was appointed on Defendant's behalf for this First Step proceeding in accordance with the Omnibus Order in *In Re: Section 404 of the First Step Act*, Case Number 8:19-mc-10-T-23. *See* Doc. 96. The Federal Defender filed a notice

of appearance (Doc. 99), and the U.S. Office of Probation submitted a memorandum finding Defendant ineligible for retroactive application of the Fair Sentencing Act because his offense was not a covered offense as it did not involve crack cocaine. Doc. 98. The Federal Defender filed a notice indicating the Federal Defender would not be filing a motion on the Defendant's behalf. Doc. 100.

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ 2(a)(1), 2(a)(2). Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which

were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Defendant does not allege, and the record does not reflect, that his sentence was based on a conviction for crack cocaine. Defendant was sentenced for a cocaine offense. Additionally, his offense was not committed before August 3, 2010. Doc. 79. Accordingly, § 404 does not provide Defendant relief. Defendant was sentenced for an August 26, 2017 offense of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, which is not a "covered offense" as defined by Section 404.[1]

To the extent Defendant seeks relief under Section 401, his motion similarly fails. Section 401 reduced the statutory minimums applicable to recidivist drug offenders and changed the criteria that trigger those statutory minimums. First Step Act, P.L. 115-391, § 401. As the Government points out, this provision of the First Step Act, and the amendments made by this provision, "apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Id.* As such, the modifications made

---

[1] "Covered offense" under the First Step Act is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194.

by Section 401 are not retroactively applicable. *See United States v. Ruff*, 795 F. App'x 796, 797 (11th Cir. 2020) (Section 401 is not retroactive). Moreover, Defendant did not face any statutorily enhanced penalties under Section 401.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Reduction of Sentence Pursuant to the First Step Act of 2018 (Doc. 95) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 1, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties